Nott, J.
delivered the opinion of the Court.
The practice which has prevailed in our Courts, of permitting a defect or want, of title to land, to be given in evidence in the *218 nature of a discount to an action on a note or bond, given for the consideration money, has led to great embarrassments, and introduced an uncertainty in our law, which a series of decisions for upwards of forty years has still left unsettled. Every invasion of a settled rule of law or practice gives rise to a variety of questions, which are not foreseen at the time, the solution of of which depends upon the application of the new rule introduced, and of which, perhaps, no two judges may entertain the same opinion; and thus it is, that we find no little ambiguity, not ,to say inconsistency, in our decisions on this subject. Instead, however, of going on to multiply the- difficulties, it is still to be hoped that some general principles may be laid down, by which our future decisions may be governed.
I will not attempt to go over the long catalogue of cases in which this doctrine is involved ; but will merely state such principles as they appear to me to have settled, and draw such conclusions from them as they seem to authorize, it has been decided that the seller of a tract of land cannot recover the consideration money, where the purchaser can show an outstanding paramount title in another. But then it must be a subsisting title, such as will deprive the party of the benefit of his purchase. So when the number of acres have fallen short of what were sold, or a part has been taken off by a paramount title,, the defendant has been allowed a deduction, pro tanto. But it is only in those cases where complete justice can be done between the parties, that a Court can well interfere.
Now what are the facts in this case 1 The plaintiff entered into a written agreement to make the defendants titles to a tract of land, in consideration of which the note, on which this action is brought, was given. He died shortly afterwards, and the title has not been made.
In the first place, I consider the contracts mutual and independent. No time is mentioned when the titles were to be made. On the other hand, the defendants undertake to pay the purchase money in two instalments, one third to be paid in about eight months after the contract, and the other two years after the first payment. It is manifest, therefore, from the different periods at which the respective contracts were to be performed, that neither of them is at all dependent on the other: and it *219 could not be necessary, therefore, to prove that titles were made, or tendered to be made, to intitle the plaintiff to recover.
The whole case then resolves itself into the question, whether the plaintiff’s intestate not having made titles in, his life time, deprived his representatives of the cause of action for the consideration money.
Whether the defendants went into possession - under that agreement does not appear; but. we have a fight to presume that they did, as the contrary has not been alleged. It is not pretended that the vendor had not a good title. And the whole difficulty has arisen from his death, the land having descended to his minor children, who are legally incompetent to make titles. But the defendants have a good equitable title. They are in the enjoyment of the property. There is therefore no failure of the consideration on which the money was to be paid. And if any such apprehension exists, the defendants are not without relief. The Court of Equity, to which the jurisdiction of such matters belongs, is open to them, and-will afford all the relief which the circumstances of the case can require. The Court of Law’cannot compel the defendants to restore the possession of the land, nor the plaintiffs to make titles. And to allow the defendant the benefit of his defence would be, to relieve him from the payment of the money, and to give him the land also.
There is indeed another question raised in this case.- The plaintiff’s intestate entered into an agreement with his son, to give him land in Georgia in exchange for seventy-one acres of the land which he sold to the defendant, or to pay him a certain sum of money in lieu thereof, from whence it is inferred that he had no title to that part of the land. But I should draw a contrary conclusion from that fact. By accepting the agreement it is to be presumed that the son had relinquished his interest in the land. But however the fact may be, it furnishes additional evidence of the incompetency of a Court of Law to adjust the conflicting claims of the parties. The Court is of opinion that the verdict is correct, and the motion for a new trial must therefore be refused.
Motion refused.